**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALLISON KERN AND | ) | |
| CHERYL KERN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| NAVIENT SOLUTIONS, INC. | ) | |
| f/k/a SALLIE MAE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COME Plaintiffs, ALLISON KERN AND CHERYL KERN ("Plaintiffs"), by and through their attorneys, and for their Complaint against Defendant, NAVIENT SOLUTIONS, INC. f/k/a SALLIE MAE, INC. ("Defendant"), Plaintiffs hereby allege as follows:

Nature of the Action

1.      This action is brought by Plaintiffs pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

Jurisdiction and Venue

2.      Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331.

3.      Defendant conducts business in the State of Pennsylvania thereby establishing personal jurisdiction.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

Parties

5.      Plaintiff Allison Kern is a natural person residing in Dallas, Pennsylvania.

6.      Plaintiff Cheryl Kern is a natural person residing in Englewood, Ohio.

7.      Defendant is a business entity with an office located at 2001 Edmund Halley Dr., Reston, Virginia 20190.

8.      Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

<u>Common Factual Allegations</u>

9.      Prior to the filing of this action, Plaintiff Allison Kern obtained a personal line of credit from Defendant, which was used for educational expenses ("student loan").   Plaintiff Cheryl Kern is a co-signer to this personal line of credit.

10.      In or around 2014, Defendant started placing telephone calls to Plaintiff Allison Kern on her cellular telephone at (315) 759-86xx.

11.      In or around 2014, Defendant started placing telephone calls to Plaintiff Cheryl Kern on her cellular telephone at (937) 750-23XX.

12.      Defendant has been assigned multiple telephone numbers from its telephone provider(s) which are used to place telephone calls to Plaintiffs including, but not limited to, (317) 348-9964, (513) 234-3095, (866) 972-4374, (877) 550-1382, (765) 637-0804, (585) 445-6802, (703) 984-5759, (888) 272-5543.

13.      Based upon the timing and frequency of Defendant's calls and per its prior business practices, all of Defendant's telephone calls to Plaintiffs were placed using an automatic telephone dialing system or other equipment capable of storing and producing telephone numbers at random or sequential periods to be dialed ("auto dialer").

14.      On April 9, 2014 at 1:37 p.m., Plainitff Allison Kern spoke with Defendant's representative, "Carrie."

15.     In the course of the phone conversation on April 9, 2014, Plaintiff Allison Kern requested that Defendant cease placing calls to her cellular telephone.

16.     Plaintiff Allison Kern revoked any consent, express, implied, or otherwise, to receive Defendant's calls on her cellular telephone in the course of the telephone conversation on April 9, 2014.

17.     On April 5, 2014 at 11:05 a.m., Plaintiff Cheryl Kern spoke with Defendant's representative, "Carrie."

18.     In the course of the phone conversation on April 5, 2014, Plaintiff Cheryl Kern requested that Defendant cease placing calls to her cellular telephone.

19.     Plaintiff Cheryl Kern revoked any consent, express, implied, or otherwise, to receive Defendant's calls on her cellular telephone in the course of the telephone conversation on April 5, 2014.

20.     Despite Plaintiffs' requests to cease, Defendant continued to use an auto dialer to place telephone calls to Plaintiffs, including at least two hundred and thirty-three (233) calls to Plaintiff Allison Kern from April, 2014 to May, 2015, and at least sixty-one (61) calls to Plaintiff Cheryl Kern from April, 2014 to June, 2014.

<u>CLAIM FOR RELIEF</u>

<u>Count I – Telephone Consumer Protection Act</u>

21.     Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiffs to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiffs to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for the following:

(1)  Statutory damages for Allison Kern in the amount of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

(2)  Statutory damages for Allison Kern in the amount of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

(3)  Statutory damages for Cheryl Kern in the amount of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

(4)  Statutory damages for Cheryl Kern in the amount of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

(5)  All court costs, witness fees and other fees incurred;

(6)  Awarding such other and further relief as may be just, proper and equitable.

Dated  September 22, 2015                    RESPECTFULLY SUBMITTED,


By:  /s/ Michael A. Siddons
Michael Siddons (SBN 89018)
Michael A. Siddons, Esquire
The Law Office of Michael Alan
Siddons, Esquire
230 N. Monroe Street,
PO Box 403,
Media, PA 19063.
msiddons@siddonslaw.com
Attorney for Plaintiff,
Allison Kern & Cheryl Kern